UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| LISA HOWE<br>    Plaintiff,<br><br>vs.<br><br>H&P CAPITAL, INC.<br>    Defendant, | COMPLAINT<br><br>11-cv-343 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.     INTRODUCTION**

1. This is an action for actual and statutory damages brought by Plaintiff Lisa Howe, an individual consumer, against Defendant H&P Capital, Inc. (hereinafter, "HPC") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), Chapter 358-C of Title XXXI of the New Hampshire Revised Statutes (governing Unfair, Deceptive or Unreasonable Collection Practices), and Chapter 358-A of Title XXXI of the New Hampshire Revised Statutes (governing the Regulation of Business Practices for Consumer Protection), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

**II.     JURISDICTION**

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in

this District is proper in that the defendant, HPC, transacts business in New Hampshire and the conduct complained of occurred in New Hampshire.

### III. PARTIES

3. Plaintiff, Lisa Howe is a natural person residing in Manchester, New Hampshire.

4. Defendant, H&P Capital, Inc., is a corporation engaged in the business of collecting debt in this state with its principal place of business located at 7960 Baymeadows Way, Building 6, Suite 300, Jacksonville, FL 32256. The principal purpose of HPC is the collection of debts in this state and HPC regularly attempts to collect debts alleged to be due another.

5. Defendant HPC is engaged in the collection of debts from consumers using the mail and telephone. Defendant HPC regularly attempts to collect consumer debts alleged to be due to another. Defendant HPC is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6) and by N.H. Rev. Stat. Ann. § 358-C:1(VIII).

### IV. FACTUAL ALLEGATIONS

6. Upon information and belief, HPC began placing collection calls to Plaintiff in or around March 2011.

7. During the initial call from HPC to Plaintiff, the collection agent was extremely rude.

8. During collection calls, HPC failed to disclose their status as debt collectors, that the purpose of their calls was an attempt to collect an alleged debt, and that any information obtained would be used for that purpose.

9. The HPC collection agent claimed to work for Kay Jewelers.

10. Plaintiff hung up on HPC after several rude remarks.

11. HPC then called Plaintiff five more times in the next seven minutes.

12. HPC threatened to commence litigation against Plaintiff stating that they would "take [Plaintiff] to court for everything."

13. To date, HPC has not taken Plaintiff to court.

14. Upon information and belief, Plaintiff did not receive proper written notification from HPC in regards to the alleged debt, containing the amount of alleged debt, the name of the creditor, a statement regarding the right to dispute the alleged debt, and information stating Plaintiff had the right to request original creditor's name and address.

### V.     CLAIM FOR RELIEF

15. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

16. HPC violated the FDCPA. HPC's violations include, but are not limited to, the following:

    (a) HPC violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take, such as commencing litigation against Plaintiff; and

3

 (b) HPC violated *§1692g(a)* of the FDCPA by failing to provide Plaintiff with notice, within five days, of the amount of the alleged debt, the name of the creditor, and statements notifying the debtor of their right to dispute and to receive verification of the alleged debt; and

 (c) HPC violated *§1692e(11)* of the FDCPA by failing to disclose that communications were coming from a debt collector and that any information gained would be used for the purposes of debt collection; and

 (d) HPC violated *§1692e(10)* of the FDCPA by claiming to work for Kay Jewelers – a false or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

 (e) HPC violated *§1692d(2)* of the FDCPA by using "obscene or profane language or language the natural consequence of which is to abuse the hearer."

 (f) HPC violated *§1692d(5)* of the FDCPA by "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

 (g) HPC violated *§1692d(6)* of the FDCPA by placing "telephone calls without meaningful disclosure of the caller's identity."

17. As a result of the foregoing violations of the FDCPA, Defendant, H&P Capital, Inc., is liable to the plaintiff Lisa Howe for declaratory judgment that HPC's

conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## VI.    CLAIM FOR RELIEF

18. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

19. HPC violated N.H. Rev. Stat. Ann. § 358-C, relating to Unfair, Deceptive or Unreasonable Collection Practices, and N.H. Rev. Stat. Ann. 358-A, relating to the Regulation of Business Practices for Consumer Protection. HPC's violations of RSA 358-C and 358-A include, but are not limited to the following:

    (a) HPC violated RSA 358-C:2 and RSA 358-A:2 by, "[C]ollecting or attempting to collect a debt in an unfair, deceptive, or unreasonable manner"; and

    (b) HPC violated RSA 358-C:3(III) and RSA 358-A:2 by threatening to take an, "[A]ction which the debt collector in the regular course of business does not take," by threatening legal action against Plaintiff; and

    (c) HPC violated RSA 358-C:3(I)(a) and (c) and RSA 358-A:2 by calling Plaintiff in connection with the collection of the alleged debt "repeatedly or continuously."; and

    (d) HPC violated RSA 358-C:3(I)(b) and RSA 358-A:2 by "using profane, obscene or vulgar language that is intended to abuse the hearer or reader."

20. HPC's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21. As a result of the above violations of RSA 358-C and RSA 358-A, Defendant, H&P Capital, Inc., is liable to Plaintiff, Lisa Howe, for injunctive and declaratory relief and for actual damages, statutory damages, and attorney fees and costs.

WHEREFORE, Plaintiff, Lisa Howe respectfully requests that judgment be entered against defendant, H&P Capital, Inc., for the following:

A. Declaratory judgment that the conduct of HPC violated the FDCPA, and declaratory and injunctive relief for the violations by HPC of RSA 358-C and RSA 358-A.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Statutory damages pursuant to RSA 358-C:4.

E. Statutory damages pursuant to RSA 358-A:10.

F. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k, RSA 358-C:4, and RSA 358-A:10.

G. For such other and further relief as the Court may deem just and proper.

DATED: This the _14th__ day of July, 2011.

Respectfully submitted,

By: /s/ Thomas E. Hogan, II

Thomas E. Hogan, II

NH Bar #: 19871

Consumer Rights Law Firm

191 Merrimack Street, Suite 302

Haverhill, Massachusetts, 01830

Phone: (617) 921-9808

Fax: (888) 712-4458

tom@thomashoganlaw.com

Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, Lisa Howe, demands trial by jury in this action.